UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL C. WENK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>　　　　Defendants. | Civil Action No. 16-2907 (PGS)<br><br><br>OPINION AND ORDER |

**SHERIDAN**, District Judge

　　Plaintiff Michael C. Wenk ("Plaintiff"), an inmate currently incarcerated at the Central Reception and Assignment Facility ("CRAF") in Trenton, New Jersey, seeks to bring this civil rights action *in forma pauperis*. Based on his affidavit of indigence, the Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and orders the Clerk of the Court to file the Complaint. (ECF No. 1.)

　　At this time, the Court must review Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice in part and dismissed with prejudice in part.

### I. BACKGROUND

　　Plaintiff is a convicted sex offender subject to lifetime supervision pursuant to N.J. STAT. ANN. §2C:43-6.4. Plaintiff submitted a § 1983 petition to the Court alleging that he was improperly assessed a parole violation and subsequently imprisoned at CRAF in Trenton, New

Jersey. Plaintiff alleges both false arrest and false imprisonment in violation of the Fourth Amendment, as well as due process violations under the Fourteenth Amendment. Plaintiff also asserts, without explanation, violations of the Sixth, Eighth, Ninth, and Thirteenth Amendments. Plaintiff's § 1983 petition seeks both a release from custody and money damages. (ECF No. 1 at 6-7.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir.

factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Analysis**

As an initial matter, as to Plaintiff's allegation of false imprisonment, the instant action must be terminated because it is more properly brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole remedy is a writ of habeas corpus."). Therefore, Plaintiff's claim of false imprisonment is dismissed without prejudice.

Next, Plaintiff alleges a number of due process violations arising under the Fourteenth Amendment. First, Plaintiff claims that Defendants "failed to prosecute" him before holding him in CRAF subsequent to his parole violation because he did not receive an indictment. (*Id.* at 6.) However, the statute under which Plaintiff was originally convicted and sentenced makes clear that any violation of parole is a *per se* crime of the third degree. *See* N.J. STAT. ANN. § 2C:43-6.4(d). Therefore, Plaintiff was not due any kind of indictment, thus the claim that he did not receive one is dismissed with prejudice.

Plaintiff also claims that he was not Mirandized when he was brought in as a parole violator, and was held "in excess of 24 hours" without being charged. (*Id.* at 7.) These two claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, which held that, in order to recover damages for allegedly unconstitutional imprisonment, a § 1983 plaintiff must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. *See* 512 U.S. 477 (1994). Here, Plaintiff's challenge to the timeliness of his charge, if successful, would "necessarily imply the invalidity of his conviction or sentence." *See Butler v. Pennsylvania Bd. of Probation and Parole*, 613 F. App'x 119, 123 (3d Cir. 2015). Additionally, Plaintiff's claim that he was not properly Mirandized and thus his conviction is infirm is also

4

barred by *Heck* and dismissed without prejudice unless and until Plaintiff is granted habeas relief or his sentence is otherwise reversed, expunged, or declared invalid. *See James v. York Cnty Police Dept.*, 160 F. App'x 126 (3d Cir. 2005).

Lastly[2], the part of Plaintiff's complaint that alleges false arrest fails to state a claim upon which relief may be granted pursuant to FED.R.CIV.P. 12(b)(6). A § 1983 claim of false arrest requires, as a necessary component, that there was no probable cause to arrest or imprison the plaintiff. *See Johnson v. Provenzano*, No. 15-1118, 2016 WL 1459545, at *3 (3d Cir. Apr. 14, 2016) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). Here, the Court takes judicial notice of the New Jersey Department of Corrections' inmate locator,[3] which reveals that Plaintiff was convicted and sentenced on February 19, 2016 for an unknown parole violation. Thus, because Plaintiff was convicted and sentenced, a presumption arises that probable cause existed to initially detain Plaintiff as a parole violator. *See Lind v. Schmid*, 67 N.J. 255 (1975) (holding that a conviction presumptively establishes the existence of probable cause absent a showing of fraud, perjury or corruption); *Cf. Cameron v. Fogarty*, 806 F.2d 380 (2d Cir. 1986) (holding that a conviction that has not been overturned gives an officer a complete defense to a false arrest claim). *But see Montgomery v. De Simone*, 159 F.3d 120, 125-26 (3d Cir. 1998) (holding that a conviction does not create a presumption of probable cause in a § 1983 action for malicious prosecution). Additionally, Plaintiff has provided "no information about the facts and circumstances of his arrest ... [and] without factual context, the Court is unable to find that Plaintiff" has stated a claim for false arrest. *James v. Cnty of Mercer*, No. 15-5748 (PGS), 2015

---

[2] Plaintiff also asserts claims arising under the Sixth, Eighth, Ninth, and Thirteenth Amendments without any further explanation. (ECF No. 1 at 6.) These claims are all dismissed without prejudice pursuant to FED.R.CIV.P. 12(b)(6) for lack of sufficient factual content. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citations omitted).

[3] *See* https://www20.state.nj.us/DOC_Inmate/inmatesearch.

WL 6122495, at *n4 (D.N.J. Oct. 16, 2015) (citing *Fowler v. UPMS Shadyside*, 578 U.S. 203, 210 (3d Cir. 2009)). Thus, because Plaintiff has not rebutted the presumption that probable cause existed for his arrest, and fails to otherwise provide any information about the context of said arrest, this claim is dismissed without prejudice pursuant to FED.R.CIV.P. 12(b)(6).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Fourth Amendment claim of false imprisonment is dismissed without prejudice as it must be brought under 28 U.S.C. § 2254. Plaintiff's Fourth Amendment claim of false arrest is dismissed without prejudice pursuant to FED.R.CIV.P. 12(b)(6). Plaintiff's Fourteenth Amendment due process claims that he was not properly Mirandized and was that he was improperly held for over 24 hours are also dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's due process claim that he was never given an indictment to which he was entitled is dismissed with prejudice under N.J. STAT. ANN. § 2C:43.6.4(d). Additionally, Plaintiff's Sixth, Eighth, Ninth and Thirteenth Amendment claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.

An appropriate order follows.

_____
PETER G. SHERIDAN, U.S.D.J.