NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL C. WENK, | |
| Plaintiff, | Civ. No. 16-2907 (PGS-LHG) |
| v. | |
| OCEAN COUNTY DEPARTMENT OF CORRECTIONS, et al, | MEMORANDUM |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

1.     The Court dismissed Plaintiff Michael C. Wenk's civil rights complaint brought pursuant to 42 U.S.C. § 1983 on July 19, 2016. (ECF Nos. 2, 3). It granted him leave to amend his complaint and instructed him to file an amended complaint within 30 days if he wished to do so. (ECF No. 3). Plaintiff filed a "statement of facts" on August 29, 2016, which the Court now construes as a motion to amend his complaint and reviews pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the complaint shall be dismissed.

2.     Plaintiff is a convicted sex offender subject to lifetime supervision pursuant to N.J.S.A. §2C:43-6.4. Plaintiff submitted a § 1983 petition to the Court alleging that he was improperly assessed a parole violation and subsequently imprisoned at CRAF in Trenton, New Jersey. The complaint alleged both false arrest and false imprisonment in violation of the Fourth Amendment, as well as due process violations under the Fourteenth Amendment. Plaintiff also asserted, without explanation, violations of the Sixth, Eighth, Ninth, and Thirteenth Amendments. He sought both a release from custody and money damages. (ECF No. 1 at 6-7).

3. The Court dismissed Plaintiff's allegation of false imprisonment without prejudice as it was more properly brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release . . . his sole remedy is a writ of habeas corpus.").

4. It dismissed the "failure to prosecute" claim with prejudice, (ECF No. 2 at 4), and held that his claims that he was not given his *Miranda*[1] rights when he was brought in as a parole violator and was held "in excess of 24 hours" without being charged were barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 4-5).

5. The Court dismissed the false arrest claim without prejudice as he did "not rebutted the presumption that probable cause existed for his arrest, and fails to otherwise provide any information about the context of said arrest . . . ." (*Id.* at 6). The Court granted him leave to amend his complaint by submitting a proposed amended complaint that addressed the deficiencies noted in the opinion. (ECF No. 3).

6. Plaintiff subsequently submitted a letter claiming to address the Sixth, Eighth, Ninth, Thirteenth, Fourth, and Fourteenth Amendment claims. (ECF No. 4). The Court construes this as a motion to amend his complaint.

7. Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely "when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

8. Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182.

9. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

10. Plaintiff's statement of facts alleges that he maxed out his 7-year sentence on May 19, 2014. (ECF No. 4 at 1). He alleges that the New Jersey Parole Board told him that he would not be released from custody until he agreed to be placed on parole supervision for life ("PSL"). (*Id.*). Plaintiff alleges this was coercion as he had previously signed "max out papers showing I would be released . . . <u>without</u> parole . . . ." (*Id.* (emphasis in original)).

11. Twenty months later, approximately January 2016, he was "violated for owning/operating a (Tattoo) business without permission from Parole, Police contact in July 2014, Possession of Alcohol, Having Social Media (Facebook) account, Owning/Possessing Internet Capable Device (Sony PlayStation 3)." (*Id.* at 2). He was taken to CRAF to await a parole revocation hearing. (*Id.*).

12. Plaintiff alleges that being placed into confinement after being charged with a PSL violation is tantamount to being imprisoned for a crime without being convicted. (*Id.* at 3).

13. His involuntary servitude argument is based on the fact that he is required to work while incarcerated for $15 per month. (*Id.*). "Compulsory prison work does not impose

3

involuntary servitude in violation of the Thirteenth Amendment of the Constitution of the United States." *Kent v. Prosse*, 265 F. Supp. 673, 674 (W.D. Pa.), *aff'd sub nom. Kent v. Prasse*, 385 F.2d 406 (3d Cir. 1967).

14. Plaintiff has not stated a claim for false imprisonment. Confinement after an accusation of a parole violation is not equivalent to incarceration without a finding of guilt.

15. Plaintiff also has not stated a claim for denial of due process based on a delay in his parole revocation hearing as he as made no allegations that he as been prejudiced by the delay. *See generally Meador v. Knowles*, 990 F.2d 503, 506 (9th Cir. 1993); *McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1977) (per curiam).

16. As Plaintiff has failed to address the deficiencies noted by the Court in its previous opinion, the motion to amend is denied. Plaintiff may attempt to amend his due process claim for a delayed hearing one more time by submitting a proposed seconded amended complaint within 30 days.

17. If no motion to amend is filed within the time set by the Court, the dismissal without prejudice shall convert into a dismissal with prejudice without further action by the Court.

18. An appropriate order follows.

DATED: Feb 15, 2019

PETER G. SHERIDAN
United States District Judge